J-A16025-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :          PENNSYLVANIA |
| v. | : |
| DAVID MICHAEL LOMBARDO | : |
| Appellant | :  No. 970 WDA 2025 |

Appeal from the Judgment of Sentence Entered April 7, 2025
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000297-2024

BEFORE:  McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY KING, J.:                          **FILED: August 7, 2026**

Appellant, David Michael Lombardo, appeals from the judgment of sentence entered in the Clearfield County Court of Common Pleas, following his open guilty plea to third-degree murder.[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On April 17, 2024, the Commonwealth filed a criminal information charging Appellant with various offenses related to the death of his mother.  On March 4, 2025, Appellant executed a written guilty plea colloquy.  That same day, the court conducted Appellant's guilty plea hearing and oral colloquy.  At the conclusion of the oral colloquy, the court accepted Appellant's open plea of guilty to one count of third-degree murder.  Because the parties did not have

---

[1] 18 Pa.C.S.A. § 2502(c).

an agreement as to sentencing, the court ordered a pre-sentence investigation report and deferred sentencing. (**See** N.T. Guilty Plea Hearing, 3/4/25, at 12-13).

Prior to the sentencing hearing, Appellant filed a motion to withdraw his guilty plea. In it, Appellant argued that he "continued to review his discovery, and he believes that he can demonstrate his innocence in this matter due to the lack of evidence." (Motion, filed 4/4/25, at ¶4(b)). On April 7, 2025, the date set for sentencing, the court heard argument on Appellant's withdrawal motion. Following argument, the court denied Appellant's motion and sentenced him to twenty (20) to forty (40) years' incarceration.

Appellant timely filed post-sentence motions on April 17, 2025. Again, Appellant requested to withdraw the guilty plea. The court conducted a hearing on the matter on May 16, 2025. At that time, Appellant testified about his access to the discovery prior to the plea hearing. Appellant claimed, "I didn't have the DNA proof back in time[.]" (N.T. Post-Sentence Hearing, 5/16/25, at 10). Later in the hearing, the Commonwealth submitted an exhibit to demonstrate that it had provided a thirty-one (31) page discovery packet to the public defender on August 19, 2024. (**See** Commonwealth's Exhibit 1, submitted 5/16/25). The discovery packet included the report, dated August 12, 2024, which analyzed the DNA evidence collected by law enforcement. By opinion and order entered July 1, 2025, the court denied Appellant's post-sentence motion.

Appellant timely filed a notice of appeal on July 31, 2025. On August 6, 2025, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on August 26, 2025.

Appellant now raises one issue for this Court's review:

> Did the trial court err and/or otherwise abuse its discretion in denying Appellant's pre-sentence request to withdraw his guilty plea?

(Appellant's Brief at 7).

On appeal, Appellant relies on **Commonwealth v. Carrasquillo**, 631 Pa. 692, 115 A.3d 1284 (2015), for the proposition that a defendant must advance a plausible innocence claim to demonstrate a fair-and-just reason for the pre-sentence withdrawal of a guilty plea. Appellant insists, however, that the trial court failed to adhere to the mandates of **Carrasquillo** when it denied his pre-sentence withdrawal request. Specifically, Appellant maintains that the court should have examined the strength of the Commonwealth's evidence from the pre-sentence hearing,[2] Appellant's allegations in support of his

---

[2] In **Carrasquillo**, our Supreme Court observed: "[T]he bizarre statements made by [the defendant] in association with his declaration of innocence wholly undermined its plausibility, particular in light of the Commonwealth's strong evidentiary proffer at the **plea** hearing." **Carrasquillo, supra** at 706, 115 A.3d at 1293 (emphasis added). Despite our Supreme Court's reference to the evidentiary proffer at the plea hearing, Appellant complains that "the Commonwealth presented no evidence at the **pre-sentencing** hearing, therefore there was no discussion surrounding the strength of evidence against Appellant that is reflected on the record." (Appellant's Brief at 19)
*(Footnote Continued Next Page)*

innocence claim, and the timing of the innocence claim. Focusing on his allegations in support of innocence, Appellant maintains that his innocence claim was plausible. Appellant emphasizes that: 1) his mother had multiple, serious medical conditions that could have caused a natural death; 2) the autopsy report listed the cause of death as undetermined; 3) DNA evidence excluded Appellant as the killer; and 4) Appellant never agreed with the factual basis for the guilty plea.

Moreover, Appellant contends that the Commonwealth could not demonstrate that it would have suffered substantial prejudice had the court granted the pre-sentence withdrawal request:

> A trial was scheduled and the Commonwealth had subpoenaed all of its witnesses, but it was cancelled … so that no one was ever actually required to appear. Additionally, Appellant avers that trials are rescheduled all of the time for a multitude of reasons. Appellant believes his innocence claim is a strong enough reason to have pushed the trial court to allow his withdraw, and the exploration of his innocence claim outweighs the scheduling inconveniences to the Commonwealth.

(Appellant's Brief at 24). Under these circumstances, Appellant concludes that court erred by denying his pre-sentence request to withdraw the guilty plea. We disagree.

Our review of a denial of a pre-sentence motion to withdraw a guilty

_____

(emphasis added). We interpret Appellant's reference to the pre-sentencing hearing to mean the oral argument that occurred prior to sentencing on April 7, 2025.

plea implicates the following principles:

> We recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:
>
>> Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.
>
> [**Carrasquillo, supra** at 704, 115 A.3d at 1291-92] (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. **Commonwealth v. Gordy**, 73 A.3d 620, 624 (Pa.Super. 2013).

**Commonwealth v. Davis**, 191 A.3d 883, 888-89 (Pa.Super. 2018), *appeal denied*, 650 Pa. 308, 200 A.3d 2 (2019) (quoting **Commonwealth v. Blango**, 150 A.3d 45, 47 (Pa.Super. 2016)).

> [A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

*Carrasquillo, supra* at 705-06, 115 A.3d at 1292 (internal citation omitted).

"[B]oth the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." *Commonwealth v. Islas*, 156 A.3d 1185, 1190 (Pa.Super. 2017) (footnote omitted). Additionally, a defendant's failure to establish a plausible claim of innocence renders unnecessary a consideration of whether pre-sentence withdrawal of the guilty plea would substantially prejudice the Commonwealth. *See Carrasquillo, supra* at 706 n.9, 115 A.3d at 1293 n.9 (declining to address prejudice to Commonwealth, because defendant failed to assert plausible claim of innocence); *Commonwealth v. Hvizda*, 632 Pa. 3, 9, 116 A.3d 1103, 1107 (2015) (holding pre-sentence request to withdraw plea failed where defendant made only bare assertion of innocence).

Instantly, Appellant's brief raises multiple allegations to support the plausibility of his innocence claim, such as the victim's poor health and certain DNA evidence. Nevertheless, Appellant also concedes that "no evidence was presented to the trial court at the hearing" on his pre-sentence motion to withdraw the guilty plea. (Appellant's Brief at 22). Instead, counsel made the following argument on Appellant's behalf:

> Essentially, Your Honor, what we're asking for is [Appellant] reviewed his discovery the last several weeks. We talked about it a few different times.
>
> He believes that going forward that there may be defenses that he has, I guess, reviewed in the discovery, basically what the Commonwealth would proceed with at that point. He would prefer to withdraw his plea agreement.

(N.T. Hearing, 4/7/25, at 2). Counsel did not make any further argument regarding the victim's poor health, exculpatory DNA evidence, or any of the other factors referenced in Appellant's brief. Rather, the parties subsequently argued over whether withdrawal of the plea would prejudice the Commonwealth. (**See id.** at 3-8).

On this record, the court determined that Appellant failed to demonstrate a fair-and-just reason to support the withdrawal request:

> [Appellant] asserts that due to the lengthy nature of his discovery, it took him additional time to get through all of it. At the hearing, [Appellant] made a vague reference to the discovery he received, but did not specify any defenses he may believe could apply, nor did he testify to the insufficiency of the evidence. A bald assertion of innocence is insufficient to demonstrate a fair-and-just reason to permit the withdrawal of his guilty plea. Without further information, the [c]ourt is unable to assess whether [Appellant's] claim of innocence is plausible.

(Trial Court Opinion and Order, filed 7/1/25, at 2).[3] Our review of the record confirms this analysis.

Pursuant to **Carrasquillo**, "the accused" bears the burden of making "some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." **Carrasquillo, supra** at 706, 115 A.3d at 1292. The court provided Appellant

---

[3] We observe that the court provided its reasons for the denial of Appellant's pre-sentence withdrawal request in the opinion and order denying Appellant's post-sentence motion.

with an opportunity to make such a demonstration immediately prior to the imposition of sentence. Instead, Appellant simply asserted that he had reviewed the discovery following the entry of his plea, and this somehow caused him to conclude that a defense to the charge was available. Such information was well known to Appellant prior to the entry of his plea. Thus, Appellant's claims at the hearing amounted to nothing more than a bald assertion of innocence. *See Commonwealth v. Norton*, 650 Pa. 569, 586, 201 A.3d 112, 121-22 (2019) (explaining that "any vulnerability in the Commonwealth's evidence … was well known to [the a]ppellant prior to him entering his plea. In other words, for all intents and purposes, the reality is that [the a]ppellant solely asserted his innocence in an attempt to withdraw his plea presentence").

Moreover, Appellant's responses from the oral plea colloquy undermine his current claim. The court asked:

> Do you understand what I will call the factual basis for the charge to which you're pleading guilty, in other words, what the law enforcement people have written in the affidavit of probable cause as it relates to the offense of third-degree murder?

(N.T. Guilty Plea Hearing at 8). Appellant responded that he understood. Later, the court asked Appellant whether he was "satisfied with the advice and the representation that [defense counsel] has given" regarding the consequences of entering the plea. (*Id.* at 10). Appellant answered affirmatively. At no point did Appellant indicate that he lacked time to review

- 8 -

the discovery. Appellant is now bound by these statements. *See Commonwealth v. Pier*, 182 A.3d 476, 480 (Pa.Super. 2018) (reiterating: "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy").

Based upon the foregoing, the court did not err in finding that Appellant failed to present a fair-and-just reason to withdraw his guilty plea. *See Carrasquillo, supra*. Thus, the court did not abuse its discretion in denying Appellant's pre-sentence motion to withdraw the guilty plea. *See Davis, supra*. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

8/7/2026